IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **BILLY DON JAMES FISHER,** ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 15-CV-226-FHM |
| ) | |
| **CAROLYN W. COLVIN,** Acting ) | |
| **Commissioner of the Social Security** ) | |
| **Administration,** ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Plaintiff, Billy Don James Fisher seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the decision is supported by substantial evidence and whether the decision contains a sufficient basis to determine that the Commissioner has applied the correct legal standards. *See Briggs ex rel. Briggs v. Massanari,* 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater,* 92 F.3d 1017 (10th

---

[1] Plaintiff Billy Don James Fisher's application was denied initially and upon reconsideration. A hearing before an Administrative Law Judge (ALJ) Jeffrey S. Wolfe was held on April 22, 2013, and a supplemental hearing was held on September 18, 2013. By decision dated November 29, 2013, the ALJ entered the findings which are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on February 27, 2015. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

1

Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 993 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 44 years old on the alleged date of onset of disability and 46 years old on the date of the denial decision. He has a general education development (GED) certificate and his past relevant work includes steel worker, fiberglass fabricator, and swimming pool service. Plaintiff claims to have been unable to work since January 1, 2012 due to problems with his hearing, shoulders, back, neck, hands, depression, and anxiety. [R. 291].

## The ALJ's Decision

The ALJ determined that the Plaintiff has severe impairments relating to status post bilateral shoulder surgery, status post carpal tunnel syndrome, headaches, cervical bulging, low back, depression, and anxiety. [R. 13]. The ALJ found that the Plaintiff has the residual functional capacity (RFC) to perform light work. Plaintiff can occasionally climb ladders,

ropes, and scaffolds. Reaching, handling, and fingering are limited to frequent with no limitation on feeling. Plaintiff has moderate limitations in understanding, remembering, and carrying out detailed instructions; the ability to maintain attention and concentration for extended periods; and ability to complete a normal work-day and work week without interruptions from psychologically based symptoms; and to perform at a consistent pace without an unreasonable number and length of rest periods. Plaintiff is able to understand, remember, and carry out simple instructions but may have problems with detailed instructions because of his depression. Plaintiff has the ability to maintain attention to perform simple repetitive tasks for two hour blocks of time, yet he may have difficulties with longer durations due to his mental condition. Plaintiff's ability to sustain effort and persist at a normal pace over the course of a forty hour work week is mild to moderately impaired. His ability to relate to others, including supervisors and co-workers, is not impaired. Plaintiff is limited to simple tasks, working in two hour time blocks with the usual breaks in a competitive work day. He can adequately relate to co-workers and supervisors and can complete a 40 hour work week. [R. 15].

Although Plaintiff is unable to perform his past relevant work, based on the testimony of the vocational expert, the ALJ found that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations. [R. 26-27]. Accordingly, the ALJ determined that Plaintiff was not disabled. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen,* 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

**Plaintiff's Allegations**

Plaintiff argues that the ALJ: 1) failed to recognize chronic obstructive pulmonary disease (COPD) as a severe impairment at step two; 2) the RFC determination failed to include all of Plaintiff's limitations; 3) failed to perform a proper credibility determination; and 4) failed to properly consider Plaintiff's impairments in conjunction with the testimony of the vocational expert.

**Analysis**

Step Two Determination

Plaintiff argues that the ALJ erred because the ALJ did not refer to or discuss Plaintiff's diagnosis of COPD in the decision. Plaintiff asserts that COPD qualifies as a "severe" impairment at step two. [Dkt. 13, p. 3-4].

Plaintiff was diagnosed with COPD with bronchitis on December 30, 2012 and was prescribed medications. [R. 859-872]. Plaintiff subsequently sought treatment for this impairment in March 2013, August 2013, and December 2013. [R. 943-946; 1020-25; 1039-44]. Plaintiff testified that he had problems walking long distances, walking up a hill, and playing with his grandchildren. [R. 103]. The ALJ noted Plaintiff testified that he suffered from shortness of breath and could walk one block before needing to stop and rest for 5 to 10 minutes. [R. 16]. However, the ALJ did not provide any analysis of Plaintiff's complaints related to COPD.

For purposes of step two, severe impairments are ones which significantly limit the ability to do basic work activities. 20 C.F.R. 404.1520(c). At step two of the evaluative sequence, the ALJ must determine whether Plaintiff suffers from severe impairments.

Once an ALJ finds that a claimant has at least one severe impairment, a failure to designate others as "severe" at step two does not constitute reversible error because, under the regulations, the agency at later steps "consider[s] the combined effect of all of [the claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity."  20 C.F.R. §§ 404.1521, 416.921; see also 20 C.F.R. §§ 404.1525(e), 416.945(e); Mariaz v. Sec'y of Health & Human Servs., 857 F.2d 240, 244 (6th Cir. 1987), Brescia v. Astrue, 287 Fed. Appx. 616, 629 (10th Cir. 2008).  An error at step two of the sequential evaluation concerning one impairment is harmless when the ALJ finds another impairment is severe and proceeds to the remaining steps of the evaluation.

Assuming that Plaintiff met the burden of showing that COPD is a severe impairment, aside from Plaintiff's testimony which the ALJ found was not credible, Plaintiff has not identified any functional limitations in the record related to his COPD that would support further limitations than the RFC for light work.  As a result, the court finds no basis for reversing the ALJ's decision for his treatment of Plaintiff's COPD.

<u>Residual Functional Capacity</u>

Plaintiff argues that the ALJ erred by failing to include environmental restrictions for his respiratory condition in the RFC.  The ALJ also failed to consider Plaintiff's chronic nerve damage, numbness, loss of feeling in both hands due to bilateral carpal tunnel syndrome, his neck MRI findings,  or the subsequent option for surgery.  Plaintiff contends that the ALJ relied upon the physical RFC completed by the non-examining agency physician which acknowledged left shoulder surgery but failed to address the two surgeries to his right shoulder.  [Dkt. 13, p. 4-5].

5

Plaintiff underwent left shoulder surgery for rotator cuff repair in February 2009 which was performed by Jeffrey R. Morris, D.O. [R. 406-407]. Subsequently, Dr. Morris performed two surgeries on Plaintiff's right shoulder for rotator cuff repair and impingement syndrome in May 2009 and November 2009. [R. 402-405]. A cervical MRI in September 2008 revealed Plaintiff had foraminal narrowing at C5-6 and multiple other levels along the cervical spine. [R. 400 - 401]. Two subsequent cervical MRIs performed in September 2010, [R. 500-501], and November 2012, [R. 857-858], did not reveal any significant changes. On November 11, 2010, David R. Hicks, M.D., noted that despite physical therapy, Plaintiff complained of continued axial cervical spine pain. Dr. Hicks found tenderness to palpation on the right neck and shoulder area. Dr. Hicks opined that Plaintiff had reached the point of maximum medical improvement and released him from his care with permanent restrictions for occasional overhead and above shoulder activity. [R. 466-468]. In January 2013, Dr. Hicks addressed Plaintiff's complaints of headaches, numbness and tingling in his bilateral arms down into his thoracic spine, cervical pain, and bilateral arm weakness. Dr. Hicks found Plaintiff had a decreased ability to perceive pinprick over his right index finger. [R. 880-882]. An electromyogram (EMG) performed in October 2013 revealed mild slowing in the right and left median nerve. [R. 1046-1047].

A Physical Residual Functional Capacity Assessment (PRFC) was prepared by a Disability Determination Services (DDS) consultant on June 5, 2012. The assessment refers to Plaintiff's treatment for left rotator cuff syndrome and left carpal tunnel surgery, but does not mention the cervical MRIs or Plaintiff's two right shoulder surgeries. [R. 795-802]. The ALJ's RFC determination mirrors the DDS assessment. The RFC includes frequent reaching, handling and fingering, and no limitation on feeling. The permanent reaching

6

restrictions by treating orthopedic surgeon, Dr. Hicks, were not included in the RFC or otherwise discussed or acknowledged by the DDS doctor or by the ALJ.  In addition the court notes there is no mention of the decreased sensation to pinprick recorded by Dr. Hicks which seems to be directly contrary to the ALJ's finding of no limitation in feeling.  [R. 15].  Nor did the ALJ mention the EMG testing interpreted by Dr. Hicks as being consistent with chronic median nerve damage in carpal tunnel bilaterally.  [R. 1037].  The court finds that the ALJ'S RFC determination is not supported by substantial evidence because these significant findings were not addressed by the ALJ.

## Credibility Determination

Plaintiff argues that the ALJ's decision should be reversed because he failed to properly evaluate his credibility.  "Credibility determinations are peculiarly the province of the finder of fact, and [the court] will not upset such determinations when supported by substantial evidence. However, findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings."  *Hackett v. Barnhart,* 395 F.3d 1168, 1173 (10th Cir. 2005)(citation, brackets, and internal quotation marks omitted).

In determining that Plaintiff's testimony was not credible, the ALJ articulated his reasons for his credibility finding including Plaintiff's ongoing activities with antique cars including belonging to a car club and attending car shows; traveling out of town, going to church and Bible study; and caring for his 8 year old granddaughter who resides with him. [R. 20].  The court finds that the ALJ properly linked his credibility finding to the record and that the credibility finding is supported by substantial evidence.  Therefore, the court finds

no reason to deviate from the general rule to accord deference to the ALJ's credibility determination.

### Testimony of Vocational Expert

Plaintiff argues that the ALJ failed to properly consider his impairments in conjunction with the testimony of the vocational examiner. Plaintiff contends that the mild to moderate impairment in his ability to sustain effort and persist at a normal pace over the course of a forty-hour work week found by the ALJ in the RFC assessment would preclude competitive work addressed by the vocational expert. [Dkt. 13, p. 8-9].

Plaintiff's argument is based upon the vocational expert's testimony that anything over and above the normal amount of breaks would preclude competitive employment without special accommodation. [R. 73]. However, the ALJ's RFC determination found Plaintiff was capable of working with "ususal breaks" in a competitive work day. [R. 15]. The vocational expert also testified that given the hypothetical physical and mental limitations, "there would be some unskilled jobs at the light exertional level that would be available." [R. 130]. Likewise, the medical expert, Dr. Bedwell, testified that a moderate limitation does not preclude Plaintiff from completing a 40 hour work week or from doing simple, repetitive type tasks. [R. 60-61]. Despite Plaintiff's moderate limitation in this area, he is still able to function satisfactorily.

The court finds that Plaintiff's assertions that the testifying medical expert and the RFC limitations suggested an inability to work are not supported by the record. The court finds no error in the ALJ's failure to repeat findings of moderate limitations in the RFC. The ALJ appropriately incorporated these findings by stating how Plaintiff was limited in the

ability to perform work-related activities.  See *Smith v. Colvin,* ___ F3d. ___ (10th Cir. 2016); 2016 WL 2620519 at *4.

## **CONCLUSION**

The court finds that the ALJ's decision must be reversed and the case remanded because the ALJ failed to address the permanent restrictions found by Dr. Hicks and other evidence discussed herein that would seem to have an impact on the RFC finding.  On remand, new vocational testimony will be necessary in light of the reevaluation of the RFC determination.  The ALJ's decision is therefore REVERSED and the case REMANDED for further proceedings in accordance with this Opinion and Order.

SO ORDERED this 12th day of August, 2016.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE