IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

BILLY DON JAMES FISHER,

    Plaintiff,

vs.

CAROLYN W. COLVIN,
Acting Commissioner, Social Security Administration,

    Defendant.

Case No. 15-CV-226-FHM

**OPINION AND ORDER**

  Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act, [Dkt. 26], is before the undersigned United States Magistrate Judge for decision. The Motion is GRANTED.

  Plaintiff seeks an award of attorney fees in the total amount of $3,882.70 under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 for the legal fees incurred in federal court. The Commissioner requests that the fee request be denied in its entirety on the basis that the government's position was substantially justified.

  The Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, requires the United States to pay attorney fees and expenses to a "prevailing party" unless the Court finds the position of the United States was substantially justified, or special circumstances make an award unjust. 28 U.S.C. § 2412(d). The United States bears the burden of proving that its position was substantially justified. *Kemp v. Bowen*, 822 F.2d 966, 967 (10th Cir. 1987).

  In *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988), the Supreme Court defined "substantially justified" as "justified in substance or in the main--that is, justified to a degree that could satisfy a reasonable person."

"Substantially justified" is more than "merely undeserving of sanctions for frivolousness." *Id.* A position may be substantially justified even though it was not supported by substantial evidence. If this were not the case, there would be "an automatic award of attorney's fees in all social security cases in which the government was unsuccessful on the merits." *Hadden v. Bowen*, 851 F.2d 1266, 1269 (10th Cir. 1988). Reasoning that such an automatic award of fees under the EAJA would be contrary to the intent of Congress, the Tenth Circuit has adopted the majority rule "that a lack of substantial evidence on the merits does not necessarily mean that the government's position was not substantially justified." *Id.* at 1267. In evaluating whether the government's position was substantially justified, the focus is on the issue that led to remand, rather than the ultimate issue of disability. *Flores v. Shalala*, 49 F.3d 562, 566 (9th Cir. 1995). Once an EAJA application is filed, the government must justify both its position in any underlying administrative proceedings and in any subsequent court litigation. *Hackett v. Barnhart*, 475 F.3d 1166, 1170 (10th Cir. 2007). Therefore, fees should generally be awarded where the agency's underlying action was unreasonable even if the government advanced a reasonable litigation position. *Id.* at 1174, quoting *United States v. Marolf*, 277 F.3d 1156, 1159 (9th Cir. 2002).

Applying the foregoing to the instant case, the court finds that the Commissioner has not established that the government's position was substantially justified. In this case the court found that the RFC was not supported by substantial evidence in part because the ALJ failed to include or discuss the permanent restrictions Plaintiff's surgeon placed on his ability to reach. Pursuant to the Commissioner's regulations, 20 C.F.R. §§ 404.1527(c)(2),

416.927(c)(2), when properly supported, a treating physician's opinions about the nature and severity of an impairment is given controlling weight. If not given controlling weight, the ALJ must discuss the weight afforded the opinion. The ALJ's failure to address the opinion is not substantially justified. Therefore an award of fees under EAJA is appropriate.

Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act, [Dkt. 26], is GRANTED. Plaintiff is awarded $3,882.20 under the EAJA. Pursuant to the Commissioner's usual practice, the check should be made payable to Plaintiff and mailed to counsel's address. *See Manning v. Astrue*, 510 F.3d 1246, 1254-55 (10th Cir. 2007)(the award of EAJA attorney's fees is to claimant and not to the attorney). If attorney fees are also awarded and received by counsel under 42 U.S.C. § 406(b) of the Social Security Act, counsel shall refund the smaller award to Plaintiff pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

SO ORDERED this 9th day of December, 2016.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE

3